UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRON WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08-CV-327-SNL ) |
| TIM LANCASTER, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Sherron Wilson (registration no. 1001559) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $11.16, and an average monthly account balance of $2.63. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.23, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Tim Lancaster ("Sergeant-

Potosi Correctional Center") and monetary relief against the Department of Corrections. Plaintiff alleges that on April 19, 2006, he was sexually abused by defendant Tim Lancaster.

Plaintiff's claim against Tim Lancaster survives review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order defendant Lancaster to reply to said claim.

Plaintiff's claim against the Department of Corrections is barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). As such, defendant Department of Corrections will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $2.23 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to defendant Department of Corrections, the Clerk shall not issue process or cause process to issue upon the complaint, because as to this

defendant, the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)

**IT IS FURTHER ORDERED** that, as to defendant Tim Lancaster, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Tim Lancaster shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 10th day of April, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**